A. M. GR(EER, et al., Plaintiff in Error, v. BOBBIE McKEE, by Next Friend, etc., Defendant in Error.

Western Section. May 8, 1931.

Petition for Certiorari denied by Supreme Court, January 23, 1932.

Draper & Draper, of Dyersburg, for plaintiff in error.
Ewell T. Weakley, of Dyersburg, for defendant in error.

SENTER, J.  For convenience the parties will be referred to as in the court below, Bobbie McKee, by next friend, etc., plaintiff, and A. M. Greer, et al., defendants.

The appeal in this case is from a judgment for $1,000 in favor of plaintiff and against defendants, A. M. Greer and Clyde Fisher, for damages resulting in personal injuries from an automobile accident.

At the conclusion of the evidence of plaintiff, and renewed at the conclusion of all the evidence, the defendants moved for a directed verdict.  The motion was sustained as to defendants, Mrs. A. M. Greer and Robert Acres, and was overruled as to defendants, A. M. Greer and Clyde L. Fisher, and the suit was accordingly dismissed as to defendants Mrs. A. M. Greer and Robert Acres.

The trial resulted in a jury verdict for the sum of $1,000 in favor of plaintiff and against said defendants, A. M. Greer and Clyde L. Fisher.  A motion for a new trial was made by said two defendants, which motion was overruled by the court and judgment rendered on the verdict for said sum.  From the action of the court these two defendants prayed and were granted an appeal in the nature of a writ of error to this court, which appeal has been perfected and errors assigned.

The first assignment is that there is no evidence to support the verdict of the jury against the defendant, A. M. Greer.  The second is, that there is no evidence to support the verdict of the jury against the defendant, Clyde Fisher.  The third assignment is directed to the charge of the court with reference to subsection 7, of Chapter 87 of the Public Acts of 1929 on the subject of the use of streets by vehicles, and the fourth assignment is directed to the concluding language of the general charge on the subject of the liability of A. M. Greer to the effect that should the jury find that Mr. Greer was the owner of the truck, and it was being operated in his business at the time, and that the driver of the truck was guilty of negligence and if his negligence was the direct and proximate cause of the accident, that Mr. Greer would be liable along with Fisher.

We will consider and dispose of the assignments in inverse order. We do not think that there was any error in the charge of the court complained of by the fourth assignment.  The court properly charged the jury that if the truck was owned by Mr. Greer and was at the time of the collision resulting in the injuries to plaintiff, being driven

by the defendant Fisher, with the knowledge of Mr. Greer and was being used in the business of Mr. Greer at the time of the collision and the injury was the result of the negligent operation of the truck, that both Greer and Fisher would be liable. This was the theory of the plaintiff, that is, that the truck that collided with the automobile in which plaintiff was riding was owned by defendant Greer, and that it was at the time of the collision being used by Fisher for the business of Greer, so as to apply the rule of respondeat superior.

The third assignment alleged error because the court charged the jury the substance of the statute on the subject of the use of streets by vehicles. Under this assignment it is urged that the declaration did not allege a violation of the statute in question as an act of negligence. The declaration alleges in the second count that the automobile was on the right side of the road or street and was being operated in a careful way and manner, and that the truck was being operated negligently and unlawfully at the time it collided with the automobile in which plaintiff was riding. While the declaration did not specifically aver that the truck was being operated in violation of Chapter 87 of the Acts of 1929, the declaration did aver that it was being unlawfully and negligently operated on the streets of Dyersburg. We think this entitled plaintiff to a charge on the law of the use of streets by automobiles and other vehicles, and how they should enter street intersections as provided by the statute in question.

The second assignment is to the effect that there was no material evidence to support a verdict against the defendant, Clyde Fisher. It appears that Clyde Fisher, on the morning of July 14, left his home in Newbern in the truck and that a relative of his wife was in the truck with him and driving the truck. They spent the entire day and until shortly after 9 o'clock at night driving the truck over Dyer County. There is evidence that they were both intoxicated at the time the collision occurred. According to their evidence, a third person, a young man, Bill Lee, got into the truck with them about 6:30 o'clock in the afternoon, and when he got into the truck he took the wheel and drove the car from that time until the collision occurred, and was driving the truck at the time the collision occurred, and jumped from the truck and got away. The defendant, Clyde Fisher, claimed to be the owner of the truck, and was sitting on the seat with Lee and Acres at the time of the collision. There is a-bundant evidence in the record that the collision resulting in the injuries to plaintiff was due to the negligent operation of the truck. We think there was abundant evidence to support the verdict a-gainst defendant Fisher.

The first assignment of error, to the effect that there is no evidence to sustain the verdict and judgment against the defendant, A. M. Greer, presents a more serious question. The defendant Greer

testified that the truck did not belong to him and that he had never owned the truck. He testified that he loaned the defendant Fisher $905.50 with which to purchase the truck. He testified in substance that he went to Memphis with Fisher to assist him in purchasing an International truck, and that Fisher traded in a used truck, and that the difference was $905.50 and that he paid this $905.50 for Fisher because of the saving of interest and other items if the truck had been purchased on terms. Fisher corroborated Greer on this subject. He claimed that he had gone to Memphis to negotiate for the purchase of an International truck and to trade in his old Chevrolet truck, and that the seller required him to give security for the difference, and that he then procured Mr. Greer to go with him the next day to Memphis to aid him in the purchase of the truck, and that after discussing the matter of terms Greer proposed that he would pay the $905.50 for Fisher, and the sale was closed. He also stated that he had been in the possession of the truck since its purchase. The truck was registered in the name of the Dyersburg Fruit & Produce Company, the trade name under which A. M. Greer conducted a produce business in Dyersburg. The registration fee was paid by A. M. Greer on this truck. Greer testified that at the time he had the truck registered he registered two other trucks or automobiles which belonged to him, and as it was the last day before penalties would apply for failure to register he registered the truck to save the defendant Fisher from the penalty. He states that he did not know that the truck was registered in his name or in the name of the produce company, and did not learn of that fact until after the collision occurred. However, he does not explain why he did not discover the mistake. He admits that after he had registered the truck that Fisher came into his office with the number plates for the truck, and that he then informed Fisher that he had already paid the registration and procured the plates, and suggested that Fisher take one set of number plates back to the County Court Clerk. Fisher corroborates this statement with reference to registering the truck and later finding that the truck had already been registered by Mr. Greer, and that Greer suggested that he return one set of the plates. It is also shown that Fisher was insolvent, and this was known to Greer at the time he claimed to have paid the $905.50 for Fisher in the purchase of the truck. He did not take or require any security for the alleged loan, but claims to have taken a note from Fisher for the amount.

It is provided by statute (Chapter 162 of the Acts of 1921 and Chapter 59 of the Acts of 1923) that in an action for damages inflicted by the operation of an automobile, proof of registration of such car in the name of any person is prima facie proof of ownership, and that proof of ownership is prima facie evidence that the

car was being operated under the authority and on the business of the registered owner at the time the damages were inflicted. It is admitted that this truck was registered in the name of the Dyersburg Fruit & Produce Company, and that this was the trade name under which the defendant, A. M. Greer, operated his produce business, and this, under the statute was prima facie evidence that the automobile was owned by the person in whose name it was registered. This is but a presumption, and is rebuttable. The defendant Greer, and also Fisher, testified that the truck belonged to Fisher, and there is some corroboration by the seller of the truck. However, an officer of Dyersburg, who a short time after the collision occurred, had a conversation with A. M. Greer, and the substance of his evidence was that Greer told him that he had sold the automobile to Fisher but did not know whether he had the registration transferred to Fisher. This evidence contradicted the evidence of both Greer and Fisher, in that they both testified that Greer had never owned the truck. There were other circumstances tending to show that Greer was the owner of the truck. He knew that Fisher was insolvent and that judgments against him remained unsatisfied, yet he claims to have advanced the $905.50 in the purchase of the truck without taking any security from Fisher, and in a short time thereafter he registered the truck in his own name. According to the evidence of the officer, Greer told him that he had sold the truck to Fisher and this contradicted the evidence of Greer that he had never owned the truck. After the collision the truck was taken to Greer's house, and according to some evidence, by his direction. We think this evidence and circumstances, together with the presumption created by law, afforded evidence that the defendant Greer was the owner of the truck at the time of the accident and would afford some evidence to support the verdict.

By Chapter 59 of the Acts of 1923 proof of the ownership of an automobile (or truck) is also prima facie evidence that it was being used in the business of the owner at the time of the collision. This, like prima facie ownership by registration, is also a rebuttable presumption. By the statute, proof of ownership constitutes prima facie proof that at the time the collision occurred the truck was being used by the consent and on the business of the owner, Greer. It appears from the record that Greer used Fisher in connection with his produce business. Greer states that he did not employ Fisher to buy produce for him, but that Fisher was an independent dealer or buyer, and frequently sold him produce. Fisher testifies to the same effect. However, Greer admitted that he at times gave Fisher signed checks which Fisher used in paying for produce. The accident occurred about 9 o'clock Sunday night. Fisher testified that he, in company with Acres, left his home in Newbern Sunday morn-

ing, Acres driving the truck, with the intention of going to see a truck grower who lived near Finley in Dyer County, to see about buying his cabbage crop. It does not appear that Greer was interested in the purchase of this crop of cabbage. Fisher testified that he did drive to the home of the truck grower on Sunday afternoon in the truck to see about buying the cabbage, but did not find the truck grower at home. At the time of the accident he had returned to Dyersburg and had picked up Bill Lee. He testified that this was about 6 or 6:30 in the afternoon. They had stopped at one or more places and had bought beer. When the collision occurred an officer went to the scene of the accident and according to his evidence Fisher was drunk, and was staggering, and that he smelled whiskey on his breath. He arrested Fisher and put him in jail. Lee had jumped from the truck and had made his escape, but Acres was also arrested on a charge of drunkenness and put in jail. Both Acres and Fisher testified that they were on their way back to Fisher's home in Newbern, when the collision occurred. The fact that Fisher was using the truck in making a trip with the view of buying cabbage, and in view of the evidence in the record that he had been engaged in buying produce for Greer, would afford some evidence that at the time of the accident he was returning home from a trip to see the truck grower to buy produce. This with the presumption created by law that at the time of the accident he was on the business and using the truck about the business of the owner, Greer, would be some evidence warranting the jury in finding that Greer was the owner of the truck and at the time of the collision was engaged on business for the owner. We think it immaterial whether Fisher was actually driving the truck at the time of the collision. He was on the seat with the driver, and was in charge of the truck, and if Lee was actually driving the truck, at the time of the collision he was the alter ego of Fisher, and his negligence resulting in the injury is attributable to the owner of the truck.

It results that we find no error and that the assignments of error are overruled and the judgment is affirmed. Appellants and sureties on the appeal bond will pay the cost of this appeal.

Heiskell and Owen, JJ., concur.