## WRIGHT v. BRIDGES et al.

(65 S. W. 2d. 265)

Middle Section.   August 5, 1933.

Petition for Certiorari denied by Supreme Court, December 9, 1933.

Z. T. Carney, of Shelbyville, and James D. Richardson, of Murfreesboro, for plaintiff in error Wright.

J. D. B. De Bow and Walker & Hooker, all of Nashville, for defendants in error J. W. Bridges et al.

CROWNOVER, J.   All of these actions were tried together, by consent, as they arose out of the same accident. The actions of Mrs. Bridges, Mrs. Higgason, and Mrs. Marshall are for damages for personal injuries as the result of the collision of the automobile in which they were riding with an automobile owned by defendant and driven

by his agent. J. W. Bridges and J. I. Marshall sued for damages for loss of services and medical expenses of their wives. J. T. Higgason sued for loss of services and medical expenses of Mrs. Higgason and for damages for the destruction of his automobile.

The defendant pleaded not guilty, and asked leave of the court to file pleas of the statute of limitations, which the court declined to permit him to file.

The cases were tried by the judge and a jury. At the close of plaintiffs' evidence, and again at the conclusion of all the evidence, defendant moved the court for a directed verdict, which motions were by the court overruled.

The jury returned verdicts as follows: J. W. Bridges, $200; Bettie Mai Bridges; $1,500; Mary Higgason, $5,000; J. T. Higgason, $700; Bernice Fields Marshall, $5,000; J. I. Marshall, $1,500; and judgments were rendered accordingly.

Motions for new trials having been overruled, defendant appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The court erred in refusing to permit defendant to file his two pleas of the statute of limitations.

(2) There was no evidence that the driver of the automobile, Malone, was, at the time of the accident, on a mission of, or on business for, defendant, Wright, and the court erred in refusing to peremptorily instruct the jury for defendant, Wright.

At the hearing before this court the first assignment of error was withdrawn, which leaves us only two questions to consider, Was Malone on the business of Wright when the accident occurred? and, Should that question have been submitted to the jury?

The defendant, Wright, was the owner and operator of the Wright Motor Company, an automobile agency, and maintained places of business in the towns of Shelbyville and Murfreesboro. His Murfreesboro business was managed by J. D. Pack. George W. Malone was an automobile salesman for the Murfreesboro branch, selling automobiles on commission. The automobile handled by the agency was the Nash.

On the afternoon of November 15, 1928, Mrs. Higgason, accompanied by Mrs. Bridges and Mrs. Marshall, was going to attend a funeral at the Hamilton Church. They were riding in a model T. Ford touring car driven by Mrs. Higgason's seventeen year old son, Herbert Higgason. The Hamilton Church is on a road that leads out from the Murfreesboro road, just beyond Una, about eleven miles south of Nashville. At about 2 or 2:30 P. M., they reached a point on the Murfreesboro road where they intended to turn off for the church at their left. Herbert Higgason put out his hand, giving the signal for a left turn, and looked up and down the road, but did not see or hear any other automobile. When the front wheels of the car had gotten off of the pavement onto the side road, a Nash

sedan coming from Nashville, driven by Malone, crashed into the rear of the Ford, injuring the three ladies and almost demolishing the Ford. The Nash bore a dealer's license plate, with the number D-18, for the year 1928, and was a new automobile.

Malone carried the ladies, in the Nash, to the hospital, then went with Herbert Higgason to find his father, J. T. Higgason. The three then drove to the shop and garage of Paul Womack. After conferring with Womack, Malone and young Herbert Higgason got into the Nash and drove out to the scene of the accident.

Between the city and the place of the accident, Malone stopped at a filling station and bought some gasoline, and while there he handed a business card to the operator of the station and talked to him.

At the place of the accident, Higgason got out of the car and Malone continued on in the direction of Murfreesboro. Later J. T. Higgason and Womack came to the point of the accident and joined Herbert Higgason and inspected the wrecked Ford. About dark Malone drove up, coming from the direction of Murfreesboro, driving a Pontiac coach, on which was a private car license plate.

Defendant's evidence was that Malone was not driving one of Wright's cars at the time of the accident and was not on any business or mission for Wright.

E. R. Threat, mechanic at Wright's Murfreesboro garage, testified that he worked in the same room in which the automobiles were kept, and was there all day; that on that morning Malone came to the garage driving a Pontiac, his own car, on which was the standard private owner's license plate, and told Pack that he was going to Nashville to see his girl; that he drove away in the Pontiac and did not take a Nash car out of the garage; that he returned that evening in the Pontiac; and said that he had had an accident and showed the marks of the collison on the Pontiac. He further testified that the Nash demonstration car was a coach and not a sedan.

J. D. Pack testified that he was manager of the Murfreesboro business; that Malone was employed as salesman; that on the morning of the accident Malone came to the garage in a Pontiac and asked permission to go to Nashville to see a young lady; that he left in the Pontiac automobile and returned in it that afternoon; that the Pontiac that afternoon had a regular license plate on it and not a dealer's license plate.

It appears that Malone afterwards married the girl that he went to see in Nashville, and Mrs. Malone testified that Malone took her out to lunch in Nashville at noon on that date, driving a Pontiac, and left her at one P. M.

The evidence of defendant's witnesses that Malone was driving a Pontiac coach registered in his own name, at the time of the accident, is directly contradicted by plaintiffs' witnesses.

The plaintiffs' evidence was to the effect that the injuries were

caused by a Nash automobile bearing a dealer's license plate, No. D-18, which was registered in the name of the Wright Automobile Company. This was prima facie evidence that the Nash automobile was, at the time it struck the plaintiffs, being operated by Malone for the defendant Wright's use and benefit, and within the course and scope of Malone's employment as the servant of defendant. Pub. Acts 1921, ch. 162, sec. 2 as amended by Pub. Acts 1923, ch. 59, Code, sec. 2702; Greer v. McKee, 13 Tenn. App., 625; U. S. Fidelity & Guaranty Co. v. Allen, 158 Tenn., 504, 14 S. W. (2d), 724.

But the defendant contends that the presumption was rebutted by the testimony of defendant's witnesses that Malone was not on the business of Wright. But all of defendant's witnesses were directly contradicted by plaintiff's witnesses with respect to the very material fact of whether Wright's Nash car was involved in the collision, and, having decided that Wright's Nash automobile was driven at the time of the collision, they disbelieved defendant's witnesses on this material proposition, and were warranted in totally disregarding their testimony on other questions if it did not believe them.

"If the jury should thus discredit the testimony of Frank on the point the use the car was put to on the occasion in question, the prima facie case of his liability for the tortious act of his chauffeur would not be destroyed, as a matter of law, and therefore the direction of a verdict in Frank's favor was properly denied." Frank v. Wright, 140 Tenn., 535, 205 S. W., 434, 436.

"Where the evidence showed the car to be licensed in the master's name at the time of the accident but the driver testified that he was not acting within the scope of his employment at the time of the accident but the driver was contradicted and discredited as to other material facts in the case, held that the presumption raised by showing the car licensed in the defendant's name was not destroyed by the driver's testimony." Welch v. Young, 11 Tenn. App., 431.

"It must be taken as the rule, that when the proof of the defendant introduced to meet and rebut the prima-facie case made out by plaintiff, is met by contradictory material evidence introduced by the plaintiff, then as issue is made which cannot be taken from the jury." Williams v. Bass, 8 Tenn. App., 482.

There were only three witnesses for defendant who knew the facts and testified that Malone was driving his own car on his own business when the accident occurred; and was not driving the defendant's automobile and was not about the defendant's business at the time. Defendant Wright, who admitted that he did not know of the accident until almost a year had expired, manifestly knew nothing about the matter. Mrs. Malone testified that he was driving the Pontiac in Nashville about an hour and a half before the accident, and her evidence is of little importance. Pack, the manager at Murfreesboro, and Threat, the mechanic, claimed to know the facts, and they tes-

tified that Malone drove his own automobile and returned that afternoon with the same car, told them of the accident, and showed the marks or scars on his car made by the accident, and they further testified that Malone was not on the business of the defendant and did not drive the defendant's automobile that day. The jury found for the plaintiffs. If the jury believed the plaintiffs' evidence that Malone was driving a new Nash automobile bearing the defendant's license plate, it was warranted in totally disregarding the balance of defendant's evidence, and the presumption arising from registration under the statute would then control. There were irreconcilable conflicts in the evidence, and the jury evidently drew inferences unfavorable to the testimony of the defendant's witnesses.

The case of Casteel v. Yantis-Harper Tire Co., 183 Ark., 912, 39 S. W. (2d), 306, 309, is very much in point. The court held:

"From these facts the jury might have found that the testimony of these witnesses was biased by the relationship they sustained to the partnership, and, from the discrepancies in their testimony and the attendant circumstances of the injury, the jury might have drawn an inference unfavorable to their testimony and against the facts testified to by them."

We think that the fact that Malone had no authority to sell cars in Davidson county is not controlling.

The court was wrong in his reasons given for not directing a verdict, but he was right in refusing to direct a verdict, for the reasons hereinabove stated. The statute (Code, sec. 2702) making proof of registration prima facie evidence of ownership and a presumption that the driver was the owner's servant and on his business merely creates a presumption which is not substantive evidence sufficient to take the case to the jury, where there is positive evidence that the car was being driven without the owner's permission. Woody v. Ball, 5 Tenn. App., 300; 45 C. J., 1160, sec. 748; 42 C. J., 1214; Frank v. Wright, supra; Hodges v. West, 8 Tenn. App., 307.

"It has been said that a presumption cannot in itself possess probative weight, but merely necessitates evidence to meet the prima facie case which it creates; that when the function of a presumption of law sustaining the burden of evidence is ended by the introduction of rebutting testimony the presumption of law disappears, leaving in evidence the basic fact, which still retains its probative force and is capable of being weighed against other facts, and that a presumption of fact becomes inoperative when the actual facts are disclosed, or when it is incumbent upon the party relying upon the presumption to know the facts." 22 C. J., 156, 157, sec. 88.

But, as above stated, where the witnesses are contradicted about material facts, which testimony the jury disbelieved, it might be warranted in totally disregarding the other testimony of the witnesses. A correct judgment will not be reversed, though the trial judge gave

insufficient or wrong reasons. Little Rock & M. Railway Co. v. Wilson, 90 Tenn., 271, 16 S. W., 613, 13 L. R. A., 364, 25 Am. St. Rep., 693; Brooks v. Paper Co., 94 Tenn., 705, 31 S. W., 160.

There is no question raised as to the negligence of the driver of the defendant's automobile and no insistence that the plaintiffs were guilty of contributory negligence. No complaint is made of the charge of the trial judge, the amount of any of the verdicts, or as to the exclusion or admission of evidence.

It results that the assignments of errors must be overruled and the judgments of the lower court affirmed. Judgments will be entered in this court as follows: For J. W. Bridges, $200; Bettie Mai Bridges, $1,500; Mary Higgason, $5,000; J. T. Higgason, $700; Bernice Fields Marshall, $5,000; and J. I. Marshall, $1,500. Interest will be allowed on said judgments from July 13, 1932, to the present. The cost of the causes, including the cost of the appeals, is adjudged against W. C. Wright and the sureties on his appeal bond.

Faw, P. J., and DeWitt, J., concur.