WOODARD v. INTERSTATE LIFE & ACCIDENT CO.—152 S. W. (2d) 636.

Middle Section. March 19, 1941.

Petition for Certiorari denied by Supreme Court, June 14, 1941.

Haynes & Green and Steve S. Carter, all of Winchester, for plaintiff in error, Mrs. Woodard.

J. Roy Hickerson, of Winchester, for defendant in error Insurance Company.

CROWNOVER, P. J.   This action is again before us on appeal in error.

This is an action on an accident insurance policy for $1,000 on the life of James D. Woodard, a young man of 28 years of age.

On the night of September 3, 1939, his dead body was found crushed and mangled on the track of the Nashville, Chattanooga & St. Louis Railway Company, in the town of Cowan, Tennessee, parts of his body being scattered up and down the track from the crossing of Highway No. 64 south 150 feet or more.

There were no eyewitnesses to the infliction of his injuries.

The policy insuring his life was of the limited liability class, with a premium of five cents a week, and provided for the payment of $1,000 if the insured was killed by a vehicle while walking or standing on a public highway or struck by such vehicle where a railroad crosses a public highway, and not under the influence of liquor.

The defendant Insurance Company filed pleas of nil debet and non assumpsit.

The case was tried by the judge and a jury.   At the close of the plaintiff's evidence and again at the conclusion of all the evidence the defendant moved the court for peremptory instructions in its favor on the ground that there was no evidence upon which a verdict for the plaintiff could be predicated, which motions were overruled by the court, to which the defendant excepted.   The jury returned a verdict for the plaintiff against the defendant for $1,000.

On the hearing of the defendant's motion for a new trial the trial judge held that he had erred in overruling the defendant's motion for peremptory instructions in its favor, made at the close of all the evidence, and he sustained the defendant's motion for a new trial and directed the entry of a verdict for the defendant.

The plaintiff then moved that she be allowed to take a voluntary non-suit, which motion was overruled by the court, to which action she excepted.

Thereupon the plaintiff filed a motion for a new trial, which motion was overruled by the court, and the plaintiff excepted to the ac-

tion of the court in overruling her motion for a new trial and appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The court erred in directing a verdict for the defendant.

(2) The court erred in overruling the motion for a voluntary non-suit.

The defendant Insurance Company issued, on February 19, 1934, a policy of accident insurance, insuring James D. Woodard, aged 23 years. His wife, Annie Mae Woodard, was designated the beneficiary. The weekly premium was five cents, and the accidental death benefit $1,000. All the premiums have been paid.

It was a "limited accident policy" providing:

"If the Insured shall be struck by a vehicle which is being propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power, while the Insured is walking or standing on a public highway or be struck by any vehicle named above while riding a bicycle (not motorcycle) on a public highway, which term 'Public Highway,' as here used shall not be construed to include any portion of railroad or interurban yards, station grounds, or right of way except where crossed by a thoroughfare dedicated to and used by the public for automobile or horse vehicle traffic."

The policy further provided:

"This policy does not cover . . . loss sustained by the Insured while under the influence of alcoholic or intoxicating liquors, to any extent."

The railroad tracks lead north and south through the town of Cowan. Highway No. 64, the Dixie Highway, leads east and west and crosses the tracks at right angles, 92 feet north of the station.

The main street of Cowan lies parallel with, and east of, the tracks, leading north and south.

The Mecca Cafe is on Main Street, about 396 feet south of its intersection with the Dixie Highway, and about 126 feet east of the tracks, and a short distance from the station.

Ava's Cafe is on the Dixie Highway, on the south side, and west of the tracks. Quarles Filling Station is on the Dixie Highway, across from Ava's Cafe.

The railway station is 92 feet south of the Dixie Highway.

There is a path, beginning across the street from the Mecca Cafe and leading west down to the railroad tracks and across them, this path being about 104 feet south of the station.

A freight train passed through Cowan, on this night, going south, from Nashville to Chattanooga, at 11:40 P. M., and stopped at the station.

Passenger train No. 92 passed through Cowan at 12:02, going north, from Chattanooga to Nashville, and passed the freight train at Rockledge 2½ miles south of Cowan.

Hopkins testified that he met Woodard on Main Street in front of the Mecca Cafe between 11 and 12 o'clock that night; that Woodard suggested that they go to Ava's Cafe; that they went there and found it closed; that they went across the street to Quarles Filling Station; that Woodard told him he was going back to the Mecca Cafe, and left and walked down the street (the Dixie Highway) toward the railroad crossing; that as he saw Woodard approaching the crossing, the freight train going to Chattanooga was coming south to the crossing.

F. A. Smith, fireman on passenger train No. 92, testified that on that night the train passed through Cowan going north, to Nashville, at 11:54 P. M.; that they passed the southbound freight train just before going through the tunnel; that as they passed the station he saw something on the track which he thought was a calf; that he called to the engineer to look; that the engineer thought it was a piece of paper; that they did not stop until they got to the coal chute.

Hopkins testified that Woodard was sober.

For the defendant Insurance Company, Ed Keith, Constable at Cowan, testified that he saw Woodard in the Mecca Cafe that night; that he had been drinking; that he advised him to go home and went with him to the path that leads toward the railroad tracks, which was in the direction of Woodard's home; that as Woodard went down the path, he (Keith) went north on Main Street to the depot where he talked to two men a few minutes; that when he was about half way home he heard the passenger train going through Cowan; that he did not hear the freight train.

G. H. Smith, a policeman, testified that he drove his automobile by the Mecca Cafe a few minutes before 12 o'clock on that night and saw Woodard and Ed Keith in the Cafe; that he drove to the station and parked in front of it; that he saw Keith and another man go across the street and toward the railroad; that they went to the top of the bank to this path; that Keith left the other man and came to his automobile and stopped to talk to him; that the freight train had already passed the station; that he got out of his car and he and Keith went into the station; that they were standing near the track, which was lighted by the station lights; that they saw nothing on the track; that a few minutes later the passenger train, going north, to Nashville, passed; that as it passed them he heard an unusual noise and a piece of bone struck him; that he began to investigate and found flesh and blood and bone in front of the station and flesh and blood along the track, north, to the crossing, and beyond the crossing (on the north side of it) he found Woodard's body; and that they found his head and an arm south of the station, near the path.

1. In order to recover under this insurance policy, the plaintiff must show that the insured was struck by a train while he was walking or standing on a public crossing (Provision No. 1 of Policy).

And the burden was upon the plaintiff to show that the decedent died from accidental injuries as the result of being struck by a train; that he was struck on a public highway crossing; and that at the time he was "standing or walking." Provident Life & Accident Insurance Co. v. Prieto, 169 Tenn., 124, 141, 83 S. W. (2d), 251; Opinion of this Court in the case Interstate Life & Accident Co. v. Alice Stocker, (Wilson Law)', filed on December 2, 1939 (not published) affirmed in a written opinion by the Supreme Court filed on April 6, 1940.[1]

The only highway that crossed the tracks, where he could have been struck, under the facts of this case, was the Dixie Highway which led east and west 92 feet north of the station. As his remains were found south of this crossing, the plaintiff must show that he was killed by a southbound train, which was the freight train which passed at 11:40 P. M.

It is the theory of the plaintiff that the freight train, traveling south, struck Woodard on the Dixie Highway crossing and killed him scattering flesh and blood along the track from the crossing south beyond the station; that the passenger train, going north, further mangled his body and carried it north of the Dixie Highway crossing, where it was discovered after the passing of the passenger train.

The defendant Insurance Company contends that the evidence shows that Woodard was alive after the freight train had passed; that parts of his body were found on the track, beginning about where the path crosses it and ending on the other side of the Dixie Highway; that he was struck by the passenger train, going north, while on this path; and that there can be no recovery under the policy.

We are of the opinion that there is no evidence to show that the insured was struck while he was standing or walking on the Dixie Highway crossing. The plaintiff has nothing on which to rely except such inferences as may be drawn from the facts that he was seen approaching the tracks as the freight train was coming and that his body was found on the tracks with injuries indicating that they were inflicted by a train or trains. To support the inference that the insured was standing or walking when struck, counsel invoke the rule of presumption that one is always in the exercise of due care for his own safety. But does this rule aid the plaintiff on the facts shown in this case? There was evidence that he was seen alive after the freight train passed through Cowan, and this evidence is uncontradicted. This evidence overcomes the presumption. 22 C. J., 156, 157, sec. 88; Wright v. Bridges, 16 Tenn. App., 576, 580, 65 S. W. (2d), 265.

The plaintiff has been unable to carry the burden of proving, by any evidence, other than such as rests on conjecture and speculation, that this insured was standing or walking on the highway cross-

---

[1]No opinion for publication.

ing, when struck, and this evidence is overcome by direct evidence of the defendant.

██ The uncontradicted evidence is that Woodard was under the influence of liquor when he was last seen approaching the track, therefore there could be no recovery under the policy. The burden was upon the Insurance Company to show that he was under the influence of liquor, and it has carried the burden. It is true that Hopkins testified that he was sober when he last saw him, but he was later seen drinking in the Mecca Cafe, and Keith said he was under the influence of liquor when he left him at the path.

It results that the first assignment must be overruled.

2. The plaintiff's second assignment of error, that the court erred in refusing to permit her to take a voluntary non-suit after a verdict had been directed for the plaintiff, must be overruled, as it appears that it has been abandoned.

██ Where error is assigned and no reason given therefor, it will be considered as abandoned. McDonnell v. Amo, 162 Tenn., 36, 41, 34 S. W. (2d), 212; State ex rel. v. Credit Men's Ass'n, 163 Tenn., 450, 470, 43 S. W. (2d), 918; Radnor Water Co. v. Draughon, 19 Tenn. App., 371, 89 S. W. (2d), 186.

██ However, plaintiff's motion for a non-suit came too late as it was made after the verdict and after the court had directed a verdict. Code, sec. 8816; Barnes v. Noel, 131 Tenn., 126, 174 S. W. 276.

The assignments of errors being overruled the judgment of the lower court dismissing the plaintiff's action is affirmed. The costs of the cause including the costs of the appeal are adjudged against the plaintiff Mrs. Woodard.

Felts and Howell, JJ., concur.