REID v. MESSER.—231 S. W. (2d) 400.

Western Section.   November 15, 1949.

Petition for Certiorari denied by Supreme Court, April 29, 1950.

See also 186 Tenn. 94, 208 S. W. (2d) 528.

John W. Harris, and Armstrong, McCadden, Allen, Braden & Goodman, all of Memphis, for plaintiff in error.

Robert M. Nelson, W. Wright Mitchell, Don G. Owens, Jr., all of Memphis, for defendant in error.

ANDERSON, P. J.   Reid appealed from a judgment entered on a jury verdict awarding Messer damages arising out of an automobile collision for the death of his wife and serious personal injuries to himself.

The declaration alleges that about 11:00 o'clock p.m. on March 25, 1946, the defendant Reid loaned an automobile then in his custody to one Kaisi "who at said time and place was not in a normal and reasonable mental condition, or was intoxicated and because of that condition was an unfit person to drive an automobile"; that said

Reid "knew or in the exercise of ordinary care should have known that said Robert Kaisi was not in a normal and reasonable mental condition, or was in an intoxicated condition and was unfit or incompetent to drive said automobile"; that a few minutes after the automobile had been turned over to him by the defendant, the said Kaisi, while driving west on U. S. Highway 70 into Memphis "suddenly steered the aforesaid automobile across the center line of said highway . . . head on into an automobile being driven carefully and lawfully on the east of the highway by the plaintiff, Purvis Monroe Messer, and thereby directly and proximately caused the injuries to the plaintiff and the death of his wife and damage to his automobile."

The defendant assigns error on the failure of the judge to sustain his motion for a directed verdict made at the conclusion of the plaintiff's proof. It is too well settled to require discussion that this motion was waived when, following the action thereon, the defendant offered evidence in his own behalf. Fulmer v. Jennings, 24 Tenn. App. 635, 148 S. W. (2d) 39; Duling v. Burnett, 22 Tenn. App. 522, 124 S. W. (2d) 294.

The defendant contends that the judge erred in failing to grant his motion for a directed verdict made at the close of all of the evidence because "there was no evidence that the driver of the car was incompetent or that the defendant knew or should have known of any abnormal condition or incompetency of the driver, or that any possible neglect in lending the car was the proximate cause of the resulting accident."

Both Kaisi and the defendant Reid were in the naval service and stationed at the Millington Naval Base, but at the time in question assigned to the First Aid Station

in Memphis. They were friends. At the time of the accident, Reid was eighteen years of age. Kaisi was 20 and married.

On the evening of the accident, Kaisi though married was in search of entertainment which contemplated the presence of the opposite sex and the consumption of whiskey. About six p. m. he phoned the defendant Reid and told him of his desire and inquired as to whether Reid could obtain the use of his mother's car for the evening in order that they might take out on a party two waitresses who were employed at Brittling's Cafeteria. Reid was willing, and having obtained his mother's consent for the use of her car, met Kaisi and thereafter the two met the two waitresses and another girl at the cafeteria about 9 p. m. They and another of Kaisi's friends, Holcomb, took the third girl home. The remainder of the group then proceeded to a cafe on Madison Avenue near the Baptist Hospital and arrived here about 9:15. In the meantime they had bought a fifth of a gallon of whiskey. Holcomb opened the bottle while on the way to the cafe and had a drink while in the car. When they reached the cafe, the five of them had two drinks apiece from the bottle and they gave a couple of drinks to a waitress at the cafe. After about 15 minutes they left there and drove to another establishment named "The Palms", on Highway 70. En route they dropped Holcomb at his home.

Kaisi had had one bottle of beer about 6 p. m., just before he telephoned the defendant Reid. He took two drinks of whiskey at the first stop on Madison Avenue. The party arrived at the Palms a little after 10 p. m. and each of the four had two more drinks, making four in all for the witness Kaisi, in addition to the bottle of

beer. The whole party had some 21 drinks in the course of the evening. At about 11 p. m. it became apparent that the bottle of whiskey was about exhausted and Kaisi asked the defendant Reid to loan him his car in which to go to town to replenish the supply. The defendant at first demurred, but finally agreed and turned the car over to Kaisi, who thereupon left the Palms, accompanied by his girl friend. The car proceeded westward toward Memphis until the accident occurred, near Berclair, one mile east of the city limits.

The highway was of concrete, consisting of four lanes. It was straight and level in the vicinity of the accident. It was raining slightly and the pavement was wet but not slippery.

Messer was a foreman at the Buckeye Cotton Oil Mill. On the day of the accident, he got off from work at 11:00 p. m., his regular time, and was met at the gate of the mill by his wife, who was driving his automobile. Ho took over the wheel and after entering Highway 70 proceeded eastward toward his home near the junction of Highways 64 and 70.

As he neared Berclair he was driving in the south lane of the highway with his left wheels barely over the black line separating the south lane from the one immediately adjacent thereto on the north. He was following another automobile which was several car lengths ahead of his car. While proceeding in this manner, the automobile driven by Kaisi which was traveling westward at a fast rate of speed, veered suddenly to the south. As it swerved across the center of the highway and on to the south side thereof, it barely missed striking the car in front of plaintiff's car. Plaintiff observed this, but before he could avoid the danger, Kaisi's car

crashed into his car, striking the left front with such force as to completely reverse its direction. When it came to a standstill, it was headed west toward Memphis, just south of the center line of the highway. The car Kaisi was driving came to a standstill on the north side of the highway, still headed west and slightly east of the Messer car.

As a result of the crash, the plaintiff's wife who was seated beside him on the front seat, was killed, and plaintiff himself seriously injured, and his car badly damaged.

The defendant's contention *is* that, ''There was no substantive evidence . . . upon which (the jury) could find that Kaisi was incompetent or that such fact was known to Reid or that his incompetence, if established, was the cause of the accident''. It is argued that Reid, testifying for the plaintiff, said that he himself did not feel any effect from the liquor he drank and that, ''he saw no signs whatever of intoxication on the part of Kaisi'', and there being no evidence of probative value to the contrary, the jury were not justified in finding that Reid was negligent in turning the car over to Kaisi.

The circumstances with respect to how the accident occurred demonstrate a degree of recklessness on the part of Kaisi which ordinarily characterizes the conduct of one whose sense of prudence and caution has been blunted by the use of intoxicating liquor even though he was not necessarily under the influence of such liquor to the extent that he was drunk. In drawing upon their observation and experience, the triers of fact were justified in concluding that even though he was not actually drunk, the liquor consumed by Kaisi was a substantial factor in causing the accident and the resulting injuries.

■ The rule which controls the disposition of the determinative question is stated in Nicholson Construction Co. v. Lane, 177 Tenn. 440, 150 S. W. (2d) 1069, 1070, as follows: "The great weight of authority is that an owner who entrusts his automobile to an individual addicted to habits of intoxication is liable for damage caused by such individual becoming intoxicated and operating the automobile negligently while in that condition. This is true although the particular individual happened to be sober when the automobile was turned over to him."

In support of this view, the Court quoted from Crowell v. Duncan, 145 Va. 489, 134 S. E. 576-582, 50 A. L. R. 1425, as follows: "Incompetence, recklessness, and accident are so universally the sequel of drinking that an owner of an automobile is put on notice of what is likely to occur if he does not take active steps to prevent any one addicted to drinking from driving it. If he fails in the performance of this duty, he should suffer the consequences of his neglect."

Other cases to the same effect are cited in the opinion.

Applying this rule to the present case, we think there was substantial evidence of negligence on the part of the defendant which was a substantial factor in causing the injuries. At the time the defendant turned the car over to Kaisi, the latter had consumed one "beer", presumably a bottle of beer, and four drinks of whiskey, but his appetite for liquor was still unsatisfied. It was then 11 o'clock p. m. and the party was apparently still going strong. The group were several miles from Memphis and the liquor stores in that city had closed. Nevertheless Kaisi was in a condition wherein his desire for liquor was strong enough that he was willing to drive into

Memphis with the idea of replenishing the supply from some source, presumably from a bootlegger. All these facts were known to the defendant at the time he turned the car over to Kaisi. To say that the quoted rule is not applicable to this state of facts would be, we think, to rob it in a large measure of its effectiveness.

As indicated, to charge the defendant it was not necessary to show that Kaisi was in fact intoxicated at the time the car was turned over to him, and that the defendant knew it or had reason to know it, but it was sufficient to make a question for the jury at least, to show that the defendant knew of Kaisi's appetite for whiskey, that he had already consumed a quantity and was on the hunt for more and desired to use the defendant's car to find it, expecting to return to the scene and renew his participation in the drinking bout. These facts were not the acts of a prudent man or one who was free from the effects of the liquor he had drunk. Knowing them, the defendant in the exercise of ordinary care, should have foreseen what was likely to happen and decline to permit Kaisi the use of the car. Having failed to do this, he is liable for the consequences.

The remaining assignments of error are based upon the expert testimony offered by the plaintiff with respect to the effect of whiskey on the human system. It is said that the judge in charging the jury failed to distinguish between expert testimony and opinion testimony of laymen based on fact observed by them, and further, that the judge erred in refusing three special requests dealing with the weight to be given to such expert testimony.

We do not find it necessary to enter upon a discussion of these questions. In the present context the

effect of whiskey upon a human being, and especially its effect upon one driving an automobile, is a matter of common knowledge well within the observation and experience of the triers of fact. No expert evidence on that subject was needed and there is no theory of this case whereby we would be warranted in saying that either the expert evidence, the charge of the judge with respect thereto or his denial of the special requests, affected the result.

The credibility of the witnesses was settled by the jury verdict which in this respect is binding upon us. Taking their testimony to be true and considering it with the other facts and circumstances viewed in the light most favorable to the defendant, we think there was substantial evidence to support the jury verdict.

In fact, upon this basis, it is doubtful if any other verdict properly could have been rendered.

The result is the judgment is affirmed at the cost of the defendant, Donald Reid.

Baptist and Swepston, JJ., concur.