600

J. H. SCHAEFFER, JR., d/b/a J & S MOTORS and JOHN HINKLE, Plaintiffs-in-Error, v. WAYNE LINDSEY, Defendant-in-Error. J. H. SCHAEFFER, JR., d/b/a J & S MOTORS and JOHN HINKLE, Plaintiffs-in-Error, v. LARRY WAYNE LINDSEY, a Minor, by Next Friend, Defendant-in-Error.—297 S. W. (2d) 801.

Western Section. February 22, 1956.

Petition for Certiorari denied by Supreme Court, July 20, 1956.

McDonald, Kuhn, McDonald & Crenshaw, Memphis, for plaintiffs in error.

Hanover, Hanover & Hanover, William Walsh, Memphis, for defendants in error.

CARNEY, J.  On the trial below the plaintiff, Larry Wayne Lindsey, a minor, aged 3½ was awarded a jury verdict in the amount of $20,000 for personal injuries and his father, Wayne Lindsey, was awarded a jury verdict of $3,500 for loss of services, medical expenses, etc., arising out of the injuries sustained by his minor son. Judgments were rendered on these two verdicts and the defendants, John Hinkle and Joe H. Schaeffer, Jr., d/b/a J & S Motors, have appealed in error.

The defendant, Joe Schaeffer, owned and operated several used car lots in Memphis, Tennessee, under the name of J & S Motors. The defendant John Hinkle was an employee and salesman on said used car lots.

The plaintiff, Wayne Lindsey, father of the minor child, had been employed by the defendant, Schaeffer, for several years prior to the accident both as a used car salesman and as a collection agent. At the time of the accident the plaintiff was in charge of the J & S Finance Company which was operated by the defendant Schaeffer in connection with his used car lots. His principal duties were those of keeping up with the collection of installment purchase money notes.

The defendant, John Hinkle, was in the regular employ of Joe Schaeffer as a used car salesman and on Saturday, July 11, 1953, he had shown an automobile on a used car lot of J & S Motors located on Lamar Avenue to prospective purchasers, Katie Mae Morris and her husband. This car did not suit them and he then brought them to look at other cars on the lot operated by J & S Motors located on Trezevant Avenue where the unfortunate accident occurred.

Somewhere near the center of this automobile lot there was located an office which had a veranda or porch which was open but had a roof over it. On this open veranda were some lounge chairs for the convenience of employees and/or customers.

The plaintiff Lindsey was inside the office working on the notes and accounts of the J & S Finance Company and his little boy, Larry Wayne Lindsey, was playing around outside on the open veranda.

There was a 1947 Hudson automobile in which the customers, Katie Mae Morris and her husband, were interested, parked facing away from the office with the back end from five to ten feet away from the edge of the porch.

When Katie Mae Morris and her husband manifested interest in this Hudson automobile the salesman Hinkle invited them to get into the car and start the motor to hear it run. The battery was dead and the salesman Hinkle had another employee, A. G. Green, bring and hook up a battery charger to give the battery a boost. The employee Green also tried to start the automobile but there was not sufficient current in the battery to start the motor and yet it did turn the motor slowly.

The employee Green then said to Katie Mae Morris, her husband and to Hinkle in substance that the battery would be sufficiently charged in a few minutes to start the motor. The keys were left in the car by the employee Green and the car was left in gear.

Thereupon the salesman Hinkle told Katie Mae Morris and her husband to leave the car alone a few minutes and let the battery charge and he would let them take the car out and drive it; that he was going into the office to get a drive-out tag.

While Hinkle was going into the office to get the drive-out tag Katie Mae Morris got into the car. She attempted to start the car which was in gear and it rolled backwards a few feet into the wall of the office and crushed the little boy, Larry Wayne Lindsey. At the time the car struck the boy the salesman Hinkle was coming out of the office with the drive-out tag.

The little boy was pinned between the rear bumper of the Hudson automobile and the wall of the office building. All the men on the scene worked feverishly to release the child. It was necessary to take the car out of gear before it would roll forward and away from the child. Katie Mae Morris was under the wheel as the car started back and she jumped out of the car. The battery charger was pulled loose and lying on the ground.

Katie Mae Morris did not know how to drive a car and of course had no driver's license. The salesman Hinkle knew that she had not owned a car since 1928 and made no effort to ascertain whether or not she had a driver's license.

Schaeffer the owner of the used car lot, Hinkle the salesman, and Katie Mae Morris the purchaser were all made defendants to the suit. Katie Mae Morris did not appeal from the judgment against her.

The declarations in each case contained three counts: the First Count alleged that the salesman Hinkle in the regular course of his employment as salesman was authorized to demonstrate cars and to invite and permit prospective purchasers to operate and test automobiles on the said lot; that he invited the prospective purchaser Katie Mae Morris to start the engine of the Hudson automobile and that under such circumstances the said Katie Mae Morris became the servant of the defendant Schaeffer; and that the defendant Schaeffer became liable for the negligent acts of Katie Mae Morris in starting said automobile and backing into the child.

The Second Count alleged that the defendants Schaeffer and Hinkle were guilty of negligence (1) in parking said Hudson automobile and leaving it in gear; (2) in demonstrating said automobile with defective brakes; (3) in having no barricades on the said patio.

The Third Count alleged that the defendants Schaeffer and Hinkle were put on notice that the prospective purchaser Katie Mae Morris had been drinking and was under the influence of intoxicating liquor at the time of the demonstration and that it was negligence to invite or permit her to drive said automobile; and (2) that they knew that she was not an experienced driver and therefore guilty of negligence in permitting her to start the automobile; (3) that they were guilty of negligence in failing to ascertain that she was a capable driver before Hinkle invited or permitted her to start the automobile.

Katie Mae Morris denied that she was under the wheel or had anything to do with starting the automobile.

The defendants Schaeffer and Hinkle denied any knowledge that Katie Mae Morris was drinking or drunk. They admitted that the car was left parked in gear; they admitted that Katie Mae Morris was under the wheel when it started and ran backwards into the boy.

On appeal, the plaintiffs-in-error, Schaeffer and Hinkle, insist that a prospective purchaser is not the agent or servant of the seller of an automobile and that an automobile dealer is not liable for injuries or damages resulting from negligence in the operation of the dealer's car by a prospective purchaser who is seeking to determine whether he will purchase such car from the dealer.

They cite in their brief a great many cases from many states which do hold that an automobile dealer is not liable for negligent operation of automobile by prospective purchaser. Most of the cases relied upon by plaintiffs-in-error relate to collisions which occurred on the public highway or streets out of the presence of the dealer or his salesman, and away from the premises of the dealer. For this reason they are not controlling in the case at bar.

Nor do we think the case of Southern Motors Co. v. Morton, 25 Tenn. App. 204, 154 S. W. (2d) 801, is controlling. The accident occurred on the week-end when the dealer's car was being driven by the purchaser, unaccompanied by the dealer or his salesman, and off the premises of the dealer.

The Court found as a fact that at the time of the accident, the driver Cianciola had already agreed to pur-

chase a car from the dealer, had turned in his old car and was simply driving the dealer's automobile until he could get delivery of the type and color automobile he had agreed to purchase and that therefore only the relationship of bailor-bailee existed between the dealer and driver of the automobile at the time of the collision. However, the Court did go further and refer with approval to the general rule prevailing in many states that the prospective purchaser of an automobile is not considered his agent if a collision occurs while the purchaser is driving the automobile out of the presence of the dealer.

We feel that in this case the judgments below must be affirmed for the reason that there was ample evidence from which the jury could have found that the defendant salesman Hinkle was negligent in turning the automobile over to a person under the influence of an intoxicant. Another employee of Mr. Schaeffer, one Porter, who was still employed by Mr. Schaeffer at the time of the trial testified that on the night in question he went to the home of Katie Mae Morris at the direction of the salesman Hinkle and drove her and her husband to the used car lot on Lamar Avenue; that she was very boisterous and he smelled alcohol on her and that he notified Mr. Hinkle of such fact as soon as he got them to the used car lot; that Mr. Hinkle replied in substance that he was not interested in drinking he was interested in selling automobiles.

In Rowan v. Sauls, 1953, 195 Tenn. 573, 260 S. W. (2d) 880, 882, Mr. Justice Prewitt of our Supreme Court announced the following rule:

"The general rule is that one who turns his automobile over to one under the influence of an intoxicant, or to one addicted to the use of intoxicants to excess, or to a driver who is known to the party loaning the car to be a reckless or negligent or otherwise incompetent driver, is charged with negligence."

He cited Nicholson Construction Co. v. Lane, 177 Tenn. 440, 150 S. W. (2d) 1069, and Reid v. Messer, 33 Tenn. App. 255, 231 S. W. (2d) 400.

Likewise we think there was ample evidence upon which the jury could have found the defendant Hinkle guilty of proximate negligence in inviting or permitting an incompetent driver to start the Hudson automobile. He admitted that she told him she had not owned an automobile since 1928 (she testified that she had never owned one). The salesman made no effort at all to learn whether she knew anything about automobiles or could drive a car. Elkin Motor Co. v. Ragland, 6 Tenn. App. 166; Parrish v. Yeiser, Tenn. App., Western Section, 298 S. W. (2d) 556, certiorari denied Feb. 3, 1956.

Reference is also made to the extended annotation to be found in 31 A. L. R. (2d) beginning at page 1445 on Automobile Dealer-Liability. Particular attention is called to that portion of the annotation entitled: *III— Liability on Ground of Incompetence of the Operator* beginning at page 1457 and running through page 1461.

Since we are of the opinion that there were ample grounds upon which the jury could have found the defendant Hinkle guilty of proximate negligence we do not deem it necessary to determine whether or not the prospective purchaser, Katie Mae Morris, in attempting

to start the automobile became the "alter ego" of the salesman Hinkle and therefore the agent of Schaeffer, as insisted by defendants-in-error. Defendants-in-error rely upon the cases of Potter v. Golden Rule Grocery, 1935, 169 Tenn. 240, 84 S. W. (2d) 364, and Tennessee Coach Co. v. Reece, 1941, 178 Tenn. 126, 156 S. W. (2d) 404, to sustain their insistence of liability against Schaeffer under this theory.

Plaintiffs-in-error make no question as to the amounts of the judgments rendered below. We will not discuss the injuries except to state that the record shows that the child was so badly crushed against the wall that it was necessary to perform an abdominal operation making a new exit for food from the stomach into the small intestine by-passing the regular exit through the pylorus into the duodenum. The operation which was performed is called a gastrojejunostomy. The child has sustained a permanent impairment of his digestive system.

From the entire record, we think His Honor, the Trial Judge, was correct in overruling the motion for directed verdict made by the defendants and in submitting the case to the jury. All of the assignments of error are respectfully overruled and the judgments below are affirmed.

A judgment for $20,000 will be entered in this Court in favor of the plaintiff, Larry Wayne Lindsey, by Next Friend against the defendant, Joe H. Schaeffer, Jr. d/b/a J & S Motors and the defendant John Hinkle drawing interest from June 24, 1955, the date of overruling the motion for a new trial. A judgment for $3,500 will be entered in this Court in favor of the plaintiff, Wayne Lindsey, against the defendants, Joe H. Schaeffer, Jr.

d/b/a J & S Motors and the defendant John Hinkle also with interest from June 24, 1955.

The plaintiffs-in-error and their sureties will pay the costs of this appeal.

Avery, P. J. (W. S.), and Bejach, J., concur.